UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMONT EDGAR FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:13-cv-2441-SPM |
| | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on Defendant Carolyn W. Colvin's Motion to Dismiss Plaintiff's case on the ground that Plaintiff's complaint was not timely filed. (Doc. 12).[1] For the reasons stated below, the court will grant Defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2012, an Administrative Law Judge issued a decision finding that Plaintiff Lamont Edgar Ford ("Plaintiff") was not entitled to disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.*, or supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* (Doc. 12-1). On September 23, 2013, the Appeals Council denied Plaintiff's request for review, and it sent a letter to Plaintiff informing him of that decision. (Doc. 12-2). The letter is titled "Notice of Appeals Council Action" and is dated September 23, 2013. It states, in part:

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c)(1). (Doc. 11).

> **Time To File a Civil Action**
> - You have 60 days to file a civil action (ask for court review).
> - The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Doc. 12-2, at p.2).

On December 2, 2013, Plaintiff, acting *pro se*, filed a complaint under 42 U.S.C. 402(g) for judicial review of the decision denying benefits. (Doc. 1). In his complaint, Plaintiff stated that he had received notice of the decision of the Appeals Council on September 23, 2013. On February 7, 2014, Defendant filed a motion to dismiss the case based on Plaintiff's failure to file the lawsuit within sixty days of his receipt of the notice of Appeals Council action. (Doc. 12). On March 18, 2014, the court granted Plaintiff until March 31, 2014, to respond to Defendant's motion. (Doc. 13).

On March 20, 2014, Plaintiff filed a response, in which he stated that he had been late to his third hearing because of confusion over who was taking him there, that he had been getting benefits for seventeen years, that he had had major surgery on his intestines and lungs, that he had had a stroke on February 24 and had been in the hospital for four days, and that he did not have money for medicine. (Doc. 14). Plaintiff also filed with the court records of his February 2014 hospitalization. (Doc. 15). On May 8, 2014, Plaintiff filed a memorandum that he states he wrote to help his case in 2013; this memorandum states that Plaintiff was judged unfairly, that

Plaintiff's attorney had not brought information to Plaintiff's hearing, that Plaintiff was behind in rent and bills, and that Plaintiff has tried to work but cannot keep up. (Doc. 16).[2]

## II. LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## III. DISCUSSION

The Commissioner argues that Plaintiff's complaint should be dismissed because he filed it more than sixty days after he received notice of the Appeals Council's decision. 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by **a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides.

(emphasis added). An action filed outside of this sixty-day time limit is subject to dismissal. *See Bess v. Barnhart*, 337 F.3d 988, 989-90 (8th Cir. 2003).

---

[2] This memorandum is dated August 2013 and is addressed to "Judge Mensah"; however, Plaintiff's case was not before the undersigned until it was filed in December 2013.

The regulations provide that the sixty-day time period begins to run on the date the notice of the Appeals Council decision "is received by the individual." *See* 20 C.F.R. §§ 422.210(c) (stating that a civil action for review of the final decision of the Commissioner "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . ."); *see also* 20 C.F.R. §§ 404.981, 416.1481 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."). The regulations further provide that "the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). *See also Bess*, 337 F.3d at 989-90 (discussing the five-day presumption).

Here, the date of the Appeals Council notice letter is September 23, 2013. Thus, Plaintiff is presumed to have received it on September 28, 2013, absent a reasonable showing to the contrary. Plaintiff has made no attempt to show that he did not receive this letter by September 28, 2013. To the contrary, in his complaint, he stated that he received notice of the decision of the Appeals Council on September 23, 2013. Thus, Plaintiff was required to file an action for judicial review no later than November 27, 2013, unless the Commissioner allowed him additional time. Plaintiff does not allege that he sought any extension of time from the Commissioner, and a representative of the Commissioner states that he is unaware of any request for extension of time. (Doc. 12-3, at p. 3). However, Plaintiff did not file an appeal until December 2, 2013.

4

The sixty-day limitation period may be equitably tolled under some circumstances. *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986) ("While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.") (internal quotation marks omitted). However, the Eighth Circuit has noted that equitable tolling is has been allowed "only in cases where the government has hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way." *Bess*, 337 F.3d at 990; *see also Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) ("Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent.").

Here, Plaintiff does not suggest that the government or anyone else hindered his attempts to file a timely appeal, nor does he assert that anyone acted in a misleading or fraudulent way with respect to the timing of his appeal. The "Notice of Appeals Council Action" clearly informed Plaintiff of the time he had to bring his appeal, and Plaintiff does not claim that he ever received contrary information. Indeed, Plaintiff has not provided any explanation whatsoever for his failure to file his appeal by November 27, 2013. Instead, in his response to Defendant's motion, he discusses the issues he had with getting to a hearing on time, his financial problems, and a February 2014 hospitalization.[3] These facts do not warrant equitable tolling of the sixty-day filing period in this case.

IV. **CONCLUSION**

Plaintiff's complaint was not filed within sixty days after his presumed receipt of the final decision of the Defendant or within any time as extended by the Appeals Council, and there are

---

[3] The documentation of the February 2014 hospitalization may have been an attempt to explain his late filing of a response to Defendant's motion to dismiss.

5

no circumstances present that would warrant equitable tolling of the sixty-day period. Thus, Plaintiff's complaint is untimely and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 12) is **GRANTED**

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc.1) is **DISMISSED** with prejudice.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of May, 2014.